# United States District Court

### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>ERIC LAMONT WILLIAMS,<br><br>*Defendant.* | **CRIMINAL COMPLAINT**<br><br>Case No.  22-MJ-100-JAR |

I, TFO Zacchaeus McCaskill, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about April 5, 2022, in the Eastern District of Oklahoma, defendant, **ERIC LAMONT WILLIAMS**, committed the crime of Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

I further state that I am a Task Force Officer with the Drug Enforcement Administration, and that this complaint is based on the following facts:

See attached Affidavit of TFO Zacchaeus McCaskill, which is attached hereto and made a part hereof by reference.

☒        Continued on the attached sheet.

TFO Zacchaeus McCaskill
Drug Enforcement Administration
Complainant

Sworn to before me and subscribed in my presence at:  MUSKOGEE, OKLAHOMA

Date:  April 7, 2022

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE
Title of Judicial Officer

Signature of Judicial Officer

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF OKLAHOMA**

**AFFIDAVIT**

1.      I, Zacchaeus McCaskill, a Senior Agent with the Oklahoma Bureau of Narcotics,
having been duly sworn, do depose and state the following:

**INTRODUCTION**

2.      I am a Senior Agent with the Oklahoma Bureau of Narcotics (OBN) assigned as a
Task Force Officer to the Drug Enforcement Administration (DEA) McAlester Resident Office
and have been since August 2020.  Prior to being assigned as a Task Force Officer, I was assigned
to the OBN Diversion Unit where my primary duties included the investigation of prescription
fraud, distribution of controlled dangerous substances, and drug diversion.

3.      I have attended training specific to the investigation of illegal drug offenses
provided by OBN and DEA.  My experience includes, but is not limited to, drug investigations,
conducting physical surveillance, undercover controlled purchases, and the execution of
evidentiary search warrants.  I have experience in investigating drug cases that have led to the
successful prosecution of persons involved in various drug and weapon offenses.  I have consulted
with other experienced officers in narcotics investigations; and I have worked with other local,
tribal, state, and federal law enforcement agencies on drug-related crimes.

4.      As a Task Force Officer with the DEA, I am an investigative law enforcement
officer of the United States of America within the meaning of Section 878 of Title 21, United
States Code, that is, an officer of the United States who is empowered by law to conduct
investigations of and to make arrests for offenses enumerated in Section 878 of Title 21, United
States Code.

1

5.     I am familiar with the facts and circumstances of this investigation as a result of my participation in it as well as information I received from other law enforcement officers throughout this investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

6.     Based upon the following facts, I believe that probable cause exists to show that **ERIC LAMONT WILLIAMS** did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation.  More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

7.     On or about April 5, 2022, at approximately 8:39 A.M., Oklahoma Highway Patrol Trooper Clint Craft stopped a 2021 Maroon Toyota Rav4 (SUV) for following too closely on Interstate-40 near mile marker 308 in Sequoyah County, Oklahoma within the Eastern District of Oklahoma.

8.     Trooper Craft approached the SUV which displayed Texas license plate PFM 1876. Two occupants were present in the vehicle.  Upon approach, Trooper Craft could smell the odor of marijuana coming from inside the vehicle.  The driver was identified as a male juvenile.  The passenger was identified as **WILLIAMS**.

9.     Trooper Craft informed the juvenile driver that he was going to issue him a warning for the violation and asked him to sit in his patrol vehicle while he wrote the warning.  During the contact, Trooper Craft observed several indicators of criminal activity.  The juvenile driver and **WILLIAMS** were extremely nervous and gave conflicting stories about their trip.  The juvenile

driver stated they had been in Dallas, Texas visiting family for over a week. He continued by stating that after returning from Texas, they went to Oklahoma City to pick up a dog and were traveling back to Arkansas. **WILLIAMS** stated he rented the vehicle from California, then traveled to Pine Bluff, Arkansas to pick up the juvenile driver before returning to California. When they were stopped, they were headed back to Arkansas to drop off the juvenile driver. Trooper Craft observed the vehicle's rental contract he received on initial contact. The contract showed the vehicle was rented in California on April 1, 2022.

10.     Trooper Craft informed the juvenile driver he could smell marijuana in his vehicle. The juvenile driver stated he had been around marijuana and did not possess an Oklahoma Medical Marijuana card. **WILLIAMS** stated the juvenile driver had marijuana in the vehicle. Troopers conducted a probable cause search of the SUV based on the odor of marijuana in the vehicle, **WILLIAMS** statement that there was marijuana in the vehicle, inconsistent statements by the juvenile driver and **WILLIAMS**, and their suspicious behavior. During the search of the vehicle, Trooper Craft located a paper sack containing suspected marijuana, which field tested positive for marijuana. A black backpack was also located under the hood of the vehicle, which contained four vacuum sealed bundles of a crystal-like substance. The crystal-like substance field tested positive for methamphetamine. The total weight of the four vacuum sealed bundles of the crystal-like substance was approximately 4.8 kilos.

## CONCLUSION

11.     Based upon my training and experience, the quantity of methamphetamine seized is a distribution quantity, and I believe that probable cause exists to show that **WILLIAMS** did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or

substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(A).

Zacchaeus McCaskill
Task Force Officer
Drug Enforcement Administration

SWORN AND SUBSCRIBED to before me on this ___7th___ day of April. 2022.

United States Magistrate Judge

4